ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | 26 Cr. |
| MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," | |
| Defendant. | **26 CRIM 278** |

## COUNT ONE
### (Commodities Fraud)

The Grand Jury charges:

1.      MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, a software engineer at Google, misappropriated confidential and valuable nonpublic information from his employer and used that information to purchase event contracts on a series of Google-related markets on Polymarket, a prediction-market platform. SPAGNUOLO made more than $1,200,000 from those trades. Once he won, SPAGNUOLO then took deliberate steps to conceal his unlawful use of nonpublic information by attempting to obscure the source and ownership of his unlawful proceeds.

2.      From in or around 2014 through in or around May 2026, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, was a software engineer at Google. Google's core business is search, and the substantial majority of its revenue derives from advertising products that depend on user engagement with its search platform. Google's search data—including data reflecting which terms, topics, people, and events trend on its platform—is commercially valuable proprietary information central to that business, the product of Google's significant ongoing investment in technology, infrastructure, and personnel, and it directly informs

contracts, or "shares"—that allow users to purchase contracts regarding the outcome of future events. Markets, including those relevant here, are created by Polymarket personnel before being published. Each market is framed as a Yes/No question such as "Will X happen?" and pairs a YES share with a NO share. At resolution, the share on the correct side pays $1.00; the other pays $0.00. In or about October 2025, before Google's public announcement of 2025 Year in Search results, Polymarket began offering binary event contracts related to whether certain individuals would or would not be the most "searched" individuals on Google for 2025.

6.     Using a Polymarket account that was not associated with his true name or other personal identifiers, but instead using the moniker "AlphaRaccoon," MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, traded Polymarket event contracts related to Year in Search on the basis of confidential information he obtained through his employment at Google. SPAGNUOLO made substantial purchases of contracts on who would, and who would not, be announced as the top trending searched persons on Google. In all, between on or about October 15, 2025, and on or about December 4, 2025, SPAGNUOLO risked approximately $2,754,092 on approximately 23 Google Year in Search events.

7.     Google officially and publicly announced its Year in Search 2025 results on or about December 4, 2025. Soon after it did so, MICHELLE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, profited approximately $1.2 million on his Google Year in Search 2025-related contracts. SPAGNUOLO transferred those funds to a particular cryptocurrency wallet. From on or about December 10, 2025 through at least on or about April 22, 2026, SPAGNUOLO conducted at least approximately 14 transactions with the proceeds of his unlawful trades. Those transactions included at least two cryptocurrency swaps designed to conceal the unlawful source of the funds by using a cryptocurrency transfer service that holds itself out as a service that adds privacy

3

protection to cryptocurrency transactions through removal of wallet addresses from the blockchain, among other things.

8. In or about early December 2025, after Discord and X communities discussed AlphaRaccoon, and speculated its user was a Google insider, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, removed the "AlphaRaccoon" username from his Polymarket account, and changed it to a series of numbers and letters, further obscuring his connection to the account.

### Statutory Allegations

9. From at least in or about October 2025 up to and including at least in or about December 2025, in the Southern District of New York and elsewhere outside of the jurisdiction of any particular State or district of the United States, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operates and would operate as a fraud and deceit upon a person, to wit, SPANGUOLO, knowing that he had obtained material nonpublic information in breach of a duty, used it to execute swap transactions for personal gain.

(Title 7, United States Code, Sections 9(1), 13(a)(5); Title 17, Code of Federal Regulations, Section 180.1; and Title 18, United States Code, Sections 3238, and 2.)

4

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

10.     The allegations contained in paragraphs 1 through 8 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

11.     From at least in or about October 2025 up to and including at least in or about December 2025, in the Southern District of New York and elsewhere outside of the jurisdiction of any particular State or district of the United States, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, SPAGNUOLO, knowing that he had misappropriated valuable confidential business information, which was subject to a duty of confidentiality, used that information to obtain cryptocurrency in breach of his duties.

(Title 18, United States Code, Sections 1343, 3238, and 2.)

## COUNT THREE
### (Money Laundering)

The Grand Jury further charges:

12.     The allegations contained in paragraphs 1 through 8 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

13.     From at least in or about December 2025 up to and including at least in or about April 2026, in the Southern District of New York and elsewhere outside of the jurisdiction of any

5

particular State or district of the United States, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, proceeds derived from the offense alleged in Count Two of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956, 3238, and 2.)

### Forfeiture Allegations

14.    As a result of committing the offense alleged in Count Two of this Indictment, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property: $1,204,618.30 worth of cryptocurrency held in cryptocurrency wallet address 0xAF6ccD55faA9F977f13FBfAb6f9EC81Dc2028062.

15.    As a result of committing the offense alleged in Count Three of this Indictment, MICHELE SPAGNUOLO, a/k/a "AlphaRaccoon," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a

6

sum of money in United States currency representing the amount of property involved in said offense and the following specific property: all assets held in 0xAF6ccD55faA9F977f13FBfAb6f9EC81Dc2028062.

### Substitute Assets Provision

16.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982; Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney

7