USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/9/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHELE SPAGNUOLO,
a/k/a "AlphaRaccoon,"

*Defendant.*

**Protective Order 26 Cr. 278 (AT)**

Upon the application of the United States of America, with the consent of the defendant, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, which will be referred to herein as "Disclosure Material." The defense may also disclose materials, as required, pursuant to Federal Rule of Criminal Procedure 16 or 26.2, or other defense disclosure obligations, such material shall be considered "Defense Materials."

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that may reveal purported trade secrets or other information that may cause financial loss to a business entity; or contains personal identifying information of non-parties and of employees of the alleged victim. Certain of the Defense Material, referred to herein as Defense Sealed Material, contains information that may reveal purported trade secrets or other information that may cause financial loss to a business entity; or contains personal identifying information of non-parties and of employees of the alleged victim. Defense Sealed

Material and Sealed Material produced by a party that is either (a) designated in whole or in part as "Confidential" by the producing party in emails or communications, or (b) that includes a Bates or other label stating "Confidential," shall be deemed "Sealed Material" or "Defense Sealed Material," as the case may be.

3. **Attorney's Possession Only ("APO") Material.** Certain Sealed Material in this case may raise a particular risk of affecting the confidentiality of ongoing investigations or highly sensitive information regarding a business entity. Disclosure Material produced by the Government to the defendant or his counsel that is either (a) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (b) that includes a Bates or other label stating "Attorney's Possession Only" or "APO," shall be deemed "APO Material."

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

5. Sealed Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The parties shall not post any Sealed Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Sealed Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the party not filing the material or Order of the Court, and may be disclosed by defense counsel to:

    a.  the defendant;

b.  personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

c.  potential expert witnesses; and

d.  prospective witnesses for purposes of defending this action.

7.  APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein. APO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. APO material may also be provided to personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9.  Restrictions on Use of Artificial Intelligence Tools to Process Certain Materials.

a.  "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

b.  Under no circumstances will any member of the defense team submit Sealed Material to a publicly accessible AI tool, or any AI tool, that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of Sealed Material, given the practical inability to claw back or delete data once it has been incorporated into a model.

c.  With respect to any AI tool used by the defense, defense counsel must be able to certify that (i) the AI tool(s) will maintain the confidentiality of any Sealed Material; (ii) the AI tool(s) will not expose any Sealed Material to third parties not authorized under this Protective Order to receive such materials; (iii) the AI tool(s) will not retain or use any Sealed Material for model training; and (iv) all Sealed Material will be removed from the AI tool(s) at the conclusion of this case.

d.  Under no circumstances will any member of the prosecution team submit Defense Sealed Material to a publicly accessible AI tool, or any AI tool, that retains and uses submitted data to train models.

e. With respect to any AI tool used by the prosecution team, Government counsel must be able to certify that (i) the AI tool(s) will maintain the confidentiality of any Defense Sealed Material; (ii) the AI tool(s) will not expose any Defense Sealed Material to third parties not authorized under this Protective Order to receive such materials; (iii) the AI tool(s) will not retain or use any Defense Sealed Material for model training; and (iv) all Defense Sealed Material will be removed from the AI tool(s) at the conclusion of this case.

### **Other Provisions**

10. This Order does not prevent the disclosure of any Sealed Material or Defense Sealed Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1 and the above provisions.

11. A party's designation of Sealed Material/Defense Sealed Material will be controlling absent contrary order of the Court. If possible, the parties should meet and confer regarding any dispute over such designations, after which the objecting party may seek de-designation by the Court. However, if conferring with a party regarding a designation would prejudice the objecting party or tend to invade a privilege, the party may apply directly to the Court for an in camera, *ex parte* discussion of the designation or designations. The party making an *ex parte* application pursuant to this paragraph will promptly notify the other party in writing that such application has been made. The Government or defense may authorize, in writing, disclosure of Sealed Material or Defense Sealed Material, respectively, beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sealed Material. The Government shall provide a copy of this Order to prospective witnesses and persons retained by the Government to whom the Government has disclosed Defense Sealed Material. All such persons shall be subject to the terms of this Order. Counsel shall maintain a record of what information has been disclosed to which such persons.

13. Except for Sealed Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sealed Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the conclusion of litigation in *CFTC v. Spagnuolo*, No. 26 Civ. 4419 (MKV) (S.D.N.Y.), and any direct appeal therefrom; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is

5

later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Sealed Material is provided to any personnel for whose conduct defense counsel is responsible, or prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. *Defendant's Material.* This Order places no restriction on the defense's use or disclosure of Sealed Material that originally belonged to the defendant.

15. *Related Litigation.* Sealed Material provided to the defense may also be used in *CFTC v. Spagnuolo*, No. 26 Civ. 4419 (MKV) (S.D.N.Y.), provided that such use is consistent with the restrictions set forth above.

SO ORDERED:

Dated:   New York, New York
         July 9, 2026

_____
HON. ANALISA TORRES
United States District Judge
Southern District of New York