Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

scrowley@heckerfink.com

August 26, 2026

**BY CM/ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Spagnuolo*, 26 Cr. 278 (AT)

Dear Judge Torres:

We represent Michele Spagnuolo in the above-captioned matter and write in connection with Mr. Spagnuolo's pretrial motions. Today, Mr. Spagnuolo filed a motion to dismiss the Indictment and a motion to suppress his post-arrest statements and the fruits thereof. Dkt. Nos. 40, 43. We write to update the Court on additional matters that may be the subject of forthcoming motions.

*First*, despite representing at the July 13 conference before Your Honor that it expected "to be substantially completed with production by the end of next week," Dkt. 25 at 2, the government has yet to finish producing discovery and now estimates that it will not complete production until sometime in October. Among other things, the government has not yet identified all the materials it has seized (if any) pursuant to the search warrants it executed, as is necessary for the defense to evaluate whether to make any suppression motions. *See United States v. Wey*, 256 F. Supp. 3d 355, 383–84 (S.D.N.Y. 2017) (noting that "courts have recognized that 'the Fourth Amendment requires the government to complete its review'" of seized electronic storage media "'within a reasonable period of time.'" (quoting *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012))).

*Second*, the defense previewed at the July 13 conference that Mr. Spagnuolo may seek a bill of particulars. To date, the government has not identified with specificity either (1) the Polymarket trades that it alleges Mr. Spagnuolo made based on purported confidential information, or (2) the material, non-public information ("MNPI") that he purportedly used to make the trades. Instead, the government has represented that "all" of Mr. Spagnuolo's trades are at issue and has pointed to a 2,198-page blockchain export containing an order history and a spreadsheet listing thousands of orders. As for the purported MNPI, the government has pointed only to allegations in the charging documents that refer to vague "confidential, nonpublic Year in Search data" and an "internal software tool" Mr. Spagnuolo is alleged to have accessed. Dkt. No. 17 ¶¶ 2–4; Dkt. No. 1 ¶ 8. To date, the government has not produced any records of the specific MNPI that

Mr. Spagnuolo is alleged to have accessed or used, such as substantive records from the "internal software tool" showing the data that Mr. Spagnuolo purportedly misappropriated.

We will of course continue to confer with the government about these matters, but we respectfully reserve the right to seek relief from the Court at the appropriate time. Specifically, Mr. Spagnuolo may have to file motions for discovery, further motions for suppression, and a motion for a bill of particulars when the government has completed the production of discovery. We will likely also seek permission to issue pre-trial subpoenas under Federal Rule of Criminal Procedure 17(c).

Respectfully submitted,

Shawn G. Crowley
Michael Ferrara
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
scrowley@heckerfink.com
mferrara@heckerfink.com

Counsel for Michele Spagnuolo

cc: AUSAs Thomas Burnett, Ryan Finkel, Allison Nichols